**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CROW FAMILY, INC., CROW HOLDINGS CAPITAL PARTNERS, L.L.C., ANATOLE PARTNERS III, L.L.C., and WINDSOR COURT HOTEL PARTNERS, L.L.C.,** | § § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § § | **NO.** 24-2490 |
| **ALLIED WORLD ASSURANCE COMPANY, LTD., CONTINENTAL CASUALTY COMPANY, ILLINOIS UNION INSURANCE COMPANY, and LLOYD'S UNDERWRITERS – BRIT,** | § § § § § § | |
| **Defendants.** | § § | |

**DEFENDANT CONTINENTAL CASUALTY COMPANY'S
<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Continental Casualty Company ("Continental") files this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, based on diversity jurisdiction and respectfully states as follows in support:

**FACTUAL AND PROCEDURAL BACKGROUND**

1.      On or about August 1, 2024, Plaintiffs Crow Family, Inc. ("Crow Family"), Crow Holdings Capital Partners, L.L.C. ("Crow Holdings"), Anatole Partners III, L.L.C. ("Anatole"), and Windsor Court Hotel Partners, L.L.C. ("Windsor Court") (collectively, "Plaintiffs") filed their Original Petition in the matter styled *Crow Family, Inc., et al. v. Allied World Assurance Company,*

*Ltd., et al.*, Cause No. DC-24-11778, in the 14th Judicial District Court of Dallas County, Texas. *See* Orig. Pet., attached as **Exhibit C-1**.

2. Plaintiffs allege that Defendants Continental, Allied World Assurance Company, Ltd. ("Allied World"), Illinois Union Insurance Company ("Illinois Union"), and Lloyd's Underwriters — BRIT (collectively, "Defendants") issued commercial property insurance policies (the "Policies") that insure three properties owned by Plaintiffs. *See* Orig. Pet. (**Ex. C-1**) ¶¶ 15, 17-20, 26-30. Plaintiffs allege that the Policies are included in a primary layer of property insurance providing $25,000,000 in coverage for Plaintiffs, with each Defendant covering a quota-share percentage of that risk. *Id.* ¶ 26 & n.2.

3. Plaintiffs allege that Defendants breached their obligations under the Policies by failing to provide coverage for Plaintiffs' alleged business interruption and other losses associated with the SARS CoV-2 coronavirus and its resulting disease, COVID-19. *See id.* ¶¶ 15-16, 21-23. Plaintiffs assert causes of action against Defendants for breach of contract (*id.* ¶¶ 63-84), violations of the Texas Prompt Payment of Claims statute (*id.* ¶¶ 24, 85-89), bad faith (*id.* ¶¶ 24, 90-98), and for attorney's fees (*id.* ¶¶ 99-100).

4. Plaintiffs served Defendant Continental with a copy of the citation and the Original Petition on or about September 3, 2024. *See* Return of Service on Continental, attached as **Exhibit C-6**.

5. Defendant Continental timely files this Notice of Removal within 30 days of being served with Plaintiffs' Original Petition and within one year of the commencement of this action. *See* 28 U.S.C. §1446(b).

6.      All pleadings, process, orders, and other filings in the state court action are attached to this Notice of Removal as required by 28 U.S.C. §1446(a).  A copy of this Notice of Removal is also concurrently being filed with the state court and served upon Plaintiffs.

7.      As required by 28 U.S.C. § 1446(a) and Rule 81.1 of the Local Rules, simultaneously with the filing of and attached to this Notice of Removal are the following:

**Exhibit A**    **Index of Documents Filed in State Court**

**Exhibit B**    **Docket Sheet in State Court Action**

**Exhibit C**    **Documents Filed in State Court Action**

    **Exhibit C-1**    Plaintiffs' Original Petition

    **Exhibit C-2**    Citation issued to Defendant Illinois Union

    **Exhibit C-3**    Citation issued to Defendant Allied World

    **Exhibit C-4**    Citation to Defendant Continental

    **Exhibit C-5**    Citation to Defendant Lloyd's Underwriters – BRIT

    **Exhibit C-6**    Return of Service on Defendant Continental

    **Exhibit C-7**    Return of Service on Defendant Illinois Union

    **Exhibit C-8**    Return of Service on Defendant Lloyd's Underwriters – BRIT

    **Exhibit C-9**    Notice of Dismissal for Want of Prosecution

**Exhibit D**    Continental's Certificate of Interested Persons

**Exhibit E**    Defendant Illinois Union's Consent to Removal

**Exhibit F**    Defendant Lloyd's Underwriters – BRIT's Consent to Removal

8.      Continental is also filing a completed Civil Cover Sheet and Supplemental Civil Cover Sheet with the filing of this Notice of Removal in accordance with Local Rule 81.1.

9.     Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division include Dallas County, Texas, the place where the removed action has been pending, and where all or a substantial part of the events giving rise to this lawsuit took place, and where certain Plaintiffs reside.  *See* Orig. Pet. (Ex. C-1) ¶ 13.

**BASIS FOR REMOVAL**

10.     This is a civil action over which this Court has original diversity jurisdiction and that may be removed to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

**A.     Complete Diversity of Citizenship Exists Between the Parties**

11.     As alleged in the Petition, Plaintiff Crow Family is and was a Texas corporation with its principal place of business in Texas.  *See* Orig. Pet. (Ex. C-1) ¶ 3.  For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Thus, Crow Family is a citizen of Texas for diversity jurisdiction purposes.

12.     As alleged in the Petition, Plaintiff Crow Holdings is and was a limited liability company formed under the laws of Delaware with its principal place of business in Delaware and whose members are all citizens of Delaware.  *See* Orig. Pet. (Ex. C-1) ¶ 4.  The citizenship of a limited liability company "is determined by the citizenship of all of its members."  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Crow Holdings, therefore, is a citizen of Delaware for diversity jurisdiction purposes.

13.     As alleged in the Petition, Plaintiff Windsor Court is and was a limited liability company formed under the laws of Delaware with its principal place of business in Louisiana and whose members are all citizens of Texas and Louisiana.  *See* Orig. Pet. (Ex. C-1) ¶ 5.  Windsor Court, therefore, is a citizen of Texas and Louisiana for diversity jurisdiction purposes.

14.    As alleged in the Petition, Plaintiff Anatole is and was a limited liability company formed under the laws of Delaware with its principal place of business in Texas and whose members are all citizens of Texas and Delaware.  *Id.* ¶ 6.  Anatole, therefore, is a citizen of Texas and Delaware.

15.    As alleged in the Petition, Defendant Allied World is and was a limited company organized under the laws of Bermuda with its principal place of business in Bermuda.  *Id.* ¶ 7. To determine the citizenship of a foreign legal entity, a court must ask whether the entity is a "juridical person" under the law that created it and, if so, the entity is considered a citizen of that foreign country.  *See Stiftung v. Plains Mktg., LP*, 603 F.3d 295, 298–99 (5th Cir. 2010); *see also Avialae S De RL DE CV v. Cummins, Inc.*, No. 23-50376, 2024 WL 1461947, at *1 (5th Cir. Apr. 4, 2024) (explaining courts "look to whether the entity can own property, make contracts, transact business, and litigate in its own name" (internal citation and quotations omitted)).  A limited company organized under Bermuda law is a "juridical person" and Allied World is therefore a citizen of Bermuda for diversity jurisdiction purposes.  *See Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 581-83 (7th Cir. 2003) (holding Bermuda limited company "is equivalent in all legally material respects to a corporation under state law" and is therefore considered a subject of a foreign state under 28 U.S.C. § 1332).

16.    Defendant Continental is and was an Illinois corporation with its principal place of business in Illinois.  *See* Orig. Pet. (Ex. C-1) ¶ 8.  Continental, therefore, is a citizen of Illinois for diversity jurisdiction purposes.

17.    Defendant Illinois Union is and was an Illinois corporation with its principal place of business in Pennsylvania.  *Id.* ¶ 9.  Illinois Union, therefore, is a citizen of Illinois and Pennsylvania for diversity jurisdiction purposes.

18.     Upon information and belief, Defendant "Lloyd's Underwriters — BRIT" is not a properly named party but is believed to be a reference to Lloyd's Syndicate BRT 2987, slip leader on policy no. B080118231U19.  Lloyd's Syndicate BRT 2987 is an unincorporated association, the sole corporate member of which is BRIT UW Limited, which is and was a British corporation with its principal place of business in the United Kingdom.  The petition likewise alleges that Lloyd's Underwriters - BRIT is an insurer organized in London, United Kingdom with its principal place of business located in London, United Kingdom.  Therefore, Lloyd's Underwriters -- BRIT is a citizen of the United Kingdom for diversity jurisdiction purposes.

19.     As a result, complete diversity exists between the parties.

**B.     The Amount in Controversy Exceeds $75,000.00**

20.     The amount in controversy as pled by Plaintiffs exceeds $75,000.00 because Plaintiffs seek to recover damages in an amount not less than $103,000,000, exclusive of interest and costs.  *See* Orig. Pet. (Ex. C-1) ¶¶ 59, 62, 89, 97.

**C.     All Served Defendants Consent to Removal**

21.     Plaintiffs served Defendant Illinois Union with a copy of the citation and the Original Petition on or about September 4, 2024.  *See* Return of Service on Defendant Illinois Union, attached as Exhibit C-7.  As evidenced by its written consent, Illinois Union consents to removal of this action to this court.  *See* Illinois Union's Written Consent to Removal, attached as Exhibit E.

22.     Plaintiffs served Defendant Lloyd's Underwriters – BRIT with a copy of the citation and the Original Petition on or about September 6, 2024.  *See* Return of Service on Defendant Lloyd's Underwriters – BRIT, attached as Exhibit C-8.  As evidenced by its written consent, Defendant Lloyd's Underwriters – BRIT consents to removal of this action to this court.

*See* Defendant Lloyd's Underwriters – BRIT's Written Consent to Removal, attached as Exhibit F.

23.    Upon information and belief, Defendant Allied World has not been served at the time of filing this Notice of Removal.  Allied World's consent is therefore not required.  *See Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1261 n.9 (5th Cir.1988).

## CONCLUSION AND PRAYER

All requirements for removal under 28 U.S.C. §§ 1332, 1441, and 1446 are satisfied. Accordingly, Defendant Continental respectfully removes this action and requests that further proceedings be conducted in this Court as provided by law.

Dated October 3, 2024

Respectfully submitted,

/s/ *David H. Timmins*
David H. Timmins
Texas Bar No. 00785106
dtimmins@spencerfane.com
SPENCER FANE LLP
2200 Ross Avenue, Suite 4800
Dallas, Texas 75201
Telephone: (214) 750-3610
Facsimile: (214) 750-3612

***Attorney for Defendant***
***Continental Casualty Company***

## CERTIFICATE OF SERVICE

I certify that on October 3, 2024, a true and correct copy of the foregoing document was electronically filed using the Court's CM/ECF filing system, which effected service on all counsel of record.

/s/ *David H. Timmins*
David H. Timmins

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CROW FAMILY, INC., CROW HOLDINGS CAPITAL PARTNERS, L.L.C., ANATOLE PARTNERS III, L.L.C., and WINDSOR COURT HOTEL PARTNERS, L.L.C.,** | § § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § § | **NO.: _____** |
| **ALLIED WORLD ASSURANCE COMPANY, LTD., CONTINENTAL CASUALTY COMPANY, ILLINOIS UNION INSURANCE COMPANY, and LLOYD'S UNDERWRITERS – BRIT,** | § § § § § § | |
| **Defendants.** | § § | |

**<u>LOCAL RULE 81.1 INDEX OF DOCUMENTS FILED IN STATE COURT</u>**

Pursuant to Rule 81.1 of the Local Rules of the United States District Court for the Northern District of Texas, the following is an index of all documents that clearly identifies each document and indicates the date the document was filed with the Dallas County District Clerk in the lawsuit styled *Crow Family, Inc., et al. v. Allied World Assurance Company, Ltd., et al.*, Cause No. DC-24-11778:

| **Exhibit** | **Date** | **Document** |
|---|---|---|
| C-1 | August 1, 2024 | Original Petition |
| C-2 | August 1, 2024 | Citation issued to Defendant Illinois Union Insurance Company |
| C-3 | August 1, 2024 | Citation issued to Defendant Allied World Assurance Company, Ltd. |
| C-4 | August 1, 2024 | Citation issued to Defendant Continental Casualty Company |

| **Exhibit** | **Date** | **Document** |
|---|---|---|
| C-5 | August 1, 2024 | Citation issued to Defendant Lloyd's Underwriters – BRIT |
| C-6 | September 5, 2024 | Return of Service on Defendant Continental Casualty Company |
| C-7 | September 10, 2024 | Return of Service on Defendant Illinois Union Insurance Company |
| C-8 | September 11, 2024 | Return of Service on Defendant Lloyd's Underwriters – BRIT |
| C-9 | September 17, 2024 | Notice of Dismissal |

# EXHIBIT B

## Case Information

DC-24-11778 | CROW FAMILY, INC. et al vs. ALLIED WORLD ASSURANCE COMPANY, LTD. et al

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| DC-24-11778 | 14th District Court | MOYE', ERIC |
| File Date | Case Type | Case Status |
| 08/01/2024 | INSURANCE | OPEN |

## Party

PLAINTIFF
CROW FAMILY, INC.

Active Attorneys ▾
Lead Attorney
MARTIN, ERNEST
Retained

PLAINTIFF
CROW HOLDINGS CAPITAL PARTNERS, L.L.C.

Active Attorneys ▾
Lead Attorney
MARTIN, ERNEST
Retained

PLAINTIFF
ANATOLE PARTNERS III, L.L.C.

Active Attorneys ▾
Lead Attorney
MARTIN, ERNEST
Retained

PLAINTIFF
WINDSOR COURT HOTEL PARTNERS, L.L.C.

Active Attorneys ▾
Lead Attorney
MARTIN, ERNEST

Retained

DEFENDANT
ALLIED WORLD ASSURANCE COMPANY, LTD.

DEFENDANT
CONTINENTAL CASUALTY COMPANY

DEFENDANT
ILLINOIS UNION INSURANCE COMPANY

DEFENDANT
LLOYD'S UNDERWRITERS-BRIT

## Events and Hearings

08/01/2024 NEW CASE FILED (OCA) - CIVIL

08/01/2024 ORIGINAL PETITION ▾

ORIGINAL PETITION

08/01/2024 ISSUE CITATION ▾

ISSUE CITATION-ILLINOIS UNION INSURANCE COMPANY

ISSUE CITATION-ALLIED WORLD ASSURANCE COMPANY,LTD.

ISSUE CITATION-CONTINENTAL CASUALTY COMPANY

ISSUE CITATION-LLOYD'S UNDERWRITERS- BRIT

08/22/2024 CITATION ▾

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
ALLIED WORLD ASSURANCE COMPANY,LTD.

---

08/22/2024 CITATION ▾

Served
09/03/2024

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
09/05/2024
Comment
CONTINENTAL CASUALTY COMPANY

---

08/22/2024 CITATION ▾

Served
09/04/2024

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF STATE

Returned
09/10/2024
Comment
ILLINOIS UNION INSURANCE COMPANY

---

08/22/2024 CITATION ▾

Served
09/06/2024

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF STATE

Returned
09/11/2024
Comment
LLOYD'S UNDERWRITERS- BRIT

09/05/2024 RETURN OF SERVICE ▾

Comment
EXECUTED CITATION - CONTINENTAL CASUALTY COMPANY

09/10/2024 RETURN OF SERVICE ▾

EXECUTED CITATION - ILLINOIS UNION INSURANCE COMPANY

Comment
EXECUTED CITATION - ILLINOIS UNION INSURANCE COMPANY

09/11/2024 RETURN OF SERVICE ▾

EXECUTED CITATION - LLOYD'S UNDERWRITERS-BRIT

Comment
EXECUTED CITATION - LLOYD'S UNDERWRITERS-BRIT

09/17/2024 NOTICE OF DISMISSAL FOR WANT OF PROSECUTION ▾

NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

Comment
MAILED

10/21/2024 DISMISSAL FOR WANT OF PROSECUTION ▾

Judicial Officer
MOYE', ERIC

Hearing Time
11:00 AM

# Financial

CROW FAMILY, INC.

| | | |
|---|---|---|
| Total Financial Assessment | | $382.00 |
| Total Payments and Credits | | $382.00 |

| | | |
|---|---|---|
| 8/7/2024 | Transaction Assessment | $382.00 |

| 8/7/2024 | CREDIT CARD - TEXFILE (DC) | Receipt # 53182-2024-DCLK | CROW FAMILY, INC. | ($245.00) |
| 8/7/2024 | STATE CREDIT | | | ($137.00) |

## Documents

ORIGINAL PETITION

ISSUE CITATION-ILLINOIS UNION INSURANCE COMPANY

ISSUE CITATION-ALLIED WORLD ASSURANCE COMPANY,LTD.

ISSUE CITATION-CONTINENTAL CASUALTY COMPANY

ISSUE CITATION-LLOYD'S UNDERWRITERS- BRIT

EXECUTED CITATION - ILLINOIS UNION INSURANCE COMPANY

EXECUTED CITATION - LLOYD'S UNDERWRITERS-BRIT

NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

# EXHIBIT C

# EXHIBIT C-1

FILED
8/1/2024 3:26 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Belinda Hernandez DEPUTY

CAUSE NO. _____ DC-24-11778

| | | |
|---|---|---|
| CROW FAMILY, INC., CROW HOLDINGS CAPITAL PARTNERS, L.L.C., ANATOLE PARTNERS III, L.L.C., and WINDSOR COURT HOTEL PARTNERS, L.L.C., | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| ALLIED WORLD ASSURANCE COMPANY, LTD., CONTINENTAL CASUALTY COMPANY, ILLINOIS UNION INSURANCE COMPANY, and LLOYD'S UNDERWRITERS – BRIT, | § § § § § § | |
| Defendants. | § § | 14th   JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Crow Family, Inc., Crow Holdings Capital Partners, L.L.C., Anatole Partners III, L.L.C., and Windsor Court Hotel Partners, L.L.C. (collectively, "Plaintiffs") hereby file this Original Petition against Defendants Allied World Assurance Company, Ltd. ("AWAC"), Continental Casualty Company ("CNA"), Illinois Union Insurance Company ("Chubb"), and Lloyd's Underwriters – BRIT ("Lloyds") (collectively, "Insurers" or "Defendants"), and would respectfully show the Court as follows:

## I.   DISCOVERY CONTROL PLAN

1.    Discovery in this matter is intended to be conducted under Level 2, pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

2.    Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs seek monetary relief over $1,000,000 and non-monetary relief.

## II.    **PARTIES**

3.    Plaintiff Crow Family, Inc. is a corporation organized and existing under the laws of Texas with its principal place of business in Texas.

4.    Plaintiff Crow Holdings Capital Partners, L.L.C. is an entity organized and existing under the laws of Delaware, whose members are citizens of Delaware, and whose principal place of business is in Texas.

5.    Plaintiff Windsor Court Hotel Partners, L.L.C. is an entity organized and existing under the laws of Delaware, whose members are citizens of Texas and Louisiana, and whose principal place of business is in Louisiana.

6.    Plaintiff Anatole Partners, III, L.L.C. is an entity organized and existing under the laws of Delaware, whose members are citizens of Texas and Delaware, and whose principal place of business is in Texas.

7.    Upon information and belief, Defendant Allied World Assurance Company, Ltd. is an insurer doing business in Texas, organized in the country of Bermuda with its principal place of business located at 27 Richmond Road, Pembroke HM 08, Bermuda and may be served through its registered agent at that address.

8.    Upon information and belief, Defendant Continental Casualty Company is an insurer doing business in Texas, organized in the state of Illinois, with its principal place of business located at 151 N. Franklin St., Chicago, IL 60606, and may be served through its registered agent at that address.

9.    Upon information and belief, Defendant Illinois Union Insurance Company is an insurer doing business in Texas, organized in the state of Georgia with its principal place of

business located at 436 Walnut Street, Philadelphia, PA 19106, and may be served through counsel Mr. Paul Bech, Esq., Associate General Counsel, Chubb, at that address.

10.     Upon information and belief, Defendant Lloyd's Underwriters – BRIT is an insurer doing business in Texas, organized in London, United Kingdom with its principal place of business located at The Leadenhall Building, 122 Leadenhall Street, London, EC3V 4AB, and may be served through Mendes & Mount LLP (or their Nominees) located at 750 Seventh Avenue, New York, NY 10019.

### III.     JURISDICTION & VENUE

11.     Plaintiffs incorporate each and every allegation set forth in this Petition as if fully set forth in this section.

12.     This Court has jurisdiction over this matter because the amount in controversy, exclusive of interest and costs, far exceeds the Court's minimum jurisdictional limits.

13.     Venue is proper in Dallas County, Texas pursuant to Texas Civil Practice and Remedies Code section 15.002 because all or a substantial part of the events or omissions giving rise to this claim occurred in Dallas County, Texas, including but not limited to the issuance of the subject insurance policies.  Venue is also proper in Dallas County, Texas pursuant to Texas Civil Practice and Remedies Code section 15.032 because certain Plaintiff policyholders reside in Dallas County.

### IV.     FACTUAL BACKGROUND

#### A.     Introduction.

14.     Plaintiffs incorporate each and every allegation set forth in this Petition as if fully set forth in this Factual Background section.

15.     This is an insurance coverage dispute arising from Insurers' failure to cover Plaintiffs' time element losses for business interruption, extra expenses and other losses associated

with the impact that the SARS CoV-2 coronavirus ("Coronavirus") and its resulting disease, COVID-19 (collectively, "COVID-19") had on three (3) of Plaintiffs' properties that are insured by Insurers' commercial property policies (the "Policies").

16.     This COVID-19 insurance coverage dispute, however, is not like the rest.  Crow purchased unique insurance policies that have sub-limited coverages that specifically cover Plaintiffs' losses caused by the perils of contagious/infectious disease and pandemics, and associated civil orders, *that do not require any physical loss or damage* to trigger coverage.

17.     Plaintiffs are the owners of three (3) impacted properties: the Hilton Anatole Hotel and the Dallas Market Center, both located in Dallas, Texas, and the Windsor Court Hotel in New Orleans, Louisiana.

18.     The Hilton Anatole Hotel is a premier luxury hotel in Dallas, Texas that first opened its doors in 1979, and regularly hosts celebrities, dignitaries, conventions, charities, and other large-scale events, and is home to one of the largest art collections in the United States.

19.     The Dallas Market Center is a global business-to-business trade center and the leading wholesale marketplace in North America, connecting retailers and interior designers with top manufacturers in home décor, furniture, gifts, lighting, and fashion.  The Dallas Market Center boasts a five million (5,000,000) square foot campus near downtown Dallas, which, in a typical year, sees nearly 200,000 customers from all 50 states and 85 countries in search of industry trends, education, and new products through open-daily showrooms and from exhibitors at annual trade events.

20.     Lastly, the Windsor Court Hotel is a luxury hotel that opened in 1984 as a haven for tourists in the heart of New Orleans' Central Business District.  Also home to a world-famous

art collection and its staple design, the Windsor Court is a beacon of luxury hospitality, art, beauty, and New Orleans culture.

21.     Despite purchasing unique, "all risk" property insurance covering time element and business interruption, including specifically as a result of contagious disease and civil authority orders, Insurers have denied Plaintiffs' claim for losses from COVID-19, which, totals no less than $103 million across these three properties.  Insurers have denied these recoveries despite that the Policies have unique coverage for contagious/infectious disease and pandemics (Special Time Element) and Interruption by Civil Authority that **do not** require physical loss, damage, or destruction (like the general business interruption coverage does).  Importantly, there is no exclusion applying to limit coverage for losses caused by COVID-19.  Plaintiffs' losses are covered by the unique coverage in the Policies, and Plaintiffs' Insurers should be required to pay for the special coverage they sold.

22.     The policy language under which Plaintiffs seek coverage here is a custom policy form unique to Plaintiffs, and one that provides different and broader coverage than the vast majority of commercial property policies in the market.  Indeed, Plaintiffs' Policies provide specific business interruption coverage for contagious/infectious disease and pandemics, coverage under which *most* of Plaintiffs' insurers have paid their share, but not all.[1]  Plaintiffs' Policies have other coverage extensions, too, like business interruption caused by orders of Civil Authority that uniquely does *not* require physical loss or damage, but can also be triggered by civil orders resulting from *imminent loss* by a peril insured, such as COVID-19.  Civil orders of the very type covered significantly impacted business at Plaintiffs' properties.

---

[1] Specifically, CNA and Lloyd's have paid their quota share portions of contagious disease coverage under the sub-limited Special Time Element Coverage, but no other Insurer has.

23.     Notwithstanding that Insurers issued broad "all risk" coverage and coverage extensions for contagious disease and civil authority orders that do not require physical loss or damage, Insurers have largely refused to cover Plaintiffs' losses, except for certain Insurers who have paid their sub-limits of Special Time Element.  Insurers refuse to pay more (such as for Civil Authority losses), or even to pay *that* special contagious disease/pandemic coverage. This Court should enforce the unique language that Plaintiffs negotiated and have spent years paying for by requiring certain Insurers to pay remaining portions of Special Time Element coverage, and the Insurers in general to pay civil authority coverage.

24.     Thus, Plaintiffs have accordingly brought this lawsuit against their Insurers to recover their covered loss of income and related relief through claims for (1) breach of contract, (2) violations of Texas' Prompt Payment of Claims statute, Chapter 542 of the Texas Insurance Code, (3) bad faith pursuant to Chapter 541 of the Texas Insurance Code, and (4) attorneys' fees.

**B.      Plaintiffs Purchased, and Insurers Sold, Unique "All Risk" and Extended Coverage to Cover Plaintiffs' Properties that Cover COVID-19 as a Peril Insured.**

25.     Plaintiffs are named insureds under an "all risk" commercial property insurance program issued by Insurers providing coverage up to $725 million for the period from June 1, 2019 through June 1, 2020 (the "Policies").



26.    Specifically, AWAC, CNA, Lloyd's, and Chubb/Westchester (collectively, the "Primary Insurers") issued "all risk" commercial property policies to Plaintiffs for that period, which provide $25 million in largely identical primary layer property insurance coverage, with each Primary Insurer covering a quota-share percentage of that risk (the "Primary Policies").[2] Crow's losses associated with COVID-19 trigger these Policies.

---

[2] Specifically, AWAC issued Policy No. P053583/001 to Plaintiffs, which provides 7% of the $25 million primary layer limits (the "AWAC Policy"). CNA issued Policy No. RMP 6023381009 to Plaintiffs, which provides 20% of the $25 million primary layer limits (the "CNA Policy"). Lloyd's issued Policy No. B080118231U19 to Plaintiffs, which provides 11.5% of the $25 million in primary layer limits (the "Lloyd's Policy"). And Chubb issued Policy No. D4227348A 001, which provides 11.5% of the $25 million in primary layer limits (the "Chubb Policy"). The Sompo Policy excludes losses in any way related to Communicable or Infectious Disease, and thus is not part of this action.

27.    The Policies broadly cover Plaintiffs' properties, including the Hilton Anatole Hotel, the Dallas Market Center, and the Windsor Court Hotel, against "all risks of direct physical loss, damage or destruction occurring during the term of the policy to the type of property insured hereunder . . . except as hereinafter excluded."

28.    In addition to this broad, "all risks" coverage, the Policies are extended to  provide coverage for Time Element business interruption, extra expense, expediting costs, and other extended coverages.

29.    Within the Time Element extensions of coverage, the Policies are extended to uniquely and specifically **insure the peril of contagious or infectious disease and pandemics** through the Special Time Element provision, which does not require physical loss, damage, or destruction:

> This policy is extended to cover the actual loss sustained by the Insured resulting from cancellation of or inability to accept bookings for accommodations and/or a cessation or diminution of trade due to a loss of potential customers, as a direct result of: a) The occurrence at an insured location of . . . **contagious and/or infections disease** . . . . b) **the outbreak of a contagious and/or infections disease**, the discovery of which causes restrictions on the use of that location on the order of the competent local authority. . . .

30.    Also within the time Element extensions of coverage, the Policies insure losses arising out of Interruption by Civil or Military Authority, which may uniquely be triggered by **imminent loss** by an insured peril, like COVID-19:

> This Policy insures the "Time Element" loss sustained during the period of time when, as a result of direct physical loss, damage or destruction **or imminent loss** by a peril insured by this Policy within five (5) miles of an insured "location," normal business operations are interrupted or reduced because access to that "location" is prevented by order of civil or military authority.

31.    Therefore, the Interruption by Civil or Military Authority triggers coverage for Plaintiffs' imminent loss by the peril insured (COVID-19), including their "Time Element" loss

sustained when civil orders were issued in Texas and Louisiana starting in 2020 that prevented access to Plaintiffs' properties, interrupting Plaintiffs' normal business operations.

32.     In addition to these specific coverage extensions not tied to physical loss, damage, or destruction, the Policies also provide Time Element general Business Interruption coverage.

33.     The Policies also extend all Time Element coverage to, for instance, Goodwill and Public Relations, and provide an Extended Period of Recovery beyond the triggered period of recovery for business interruption "to restore the Insured's business to the condition that would have existed had no 'Time Element' loss occurred."[3]  Such a period is applicable here.

### C.     The COVID-19 Pandemic.

34.     A pneumonia of unknown origin was first reported to the World Health Organization ("WHO") on December 31, 2019.[4]  China provided the genetic sequence for what has become known as the SARS-CoV-2 virus (the "Coronavirus") on or about January 12, 2020. *Id*.

35.     By the end of January 2020, the WHO had declared a global health emergency.[5]

36.     The disease caused by the Coronavirus was identified as "COVID-19" on February 11, 2020.[6]

---

[3] The Goodwill and Public Relations provision covers "the reasonable and necessary costs incurred by the insured for removal, relocation or forgiveness of room charges for customers, not to exceed USD $1,000 per room per day, occasioned by an actual or imminent 'occurrence' insured by this Policy, …This shall include the costs for payments to guests for the inconvenience or annoyance, damage to or loss of guest's personal property, and providing comps for room, dining, shows, spa services or other amenities… ." Plaintiffs losses trigger, or potentially trigger these coverages as well, and are subject to the Extended Period(s) of Recovery under the Policies.
[4] World Health Organization, *Rolling updates on coronavirus disease (COVID-19)* (Updated July 31, 2020), available at https://www.who.int/emergencies/diseases/novel-coronavirus-2019/events-as-they-happen ("WHO Rolling Update").
[5] World Health Organization, Novel Coronavirus (2019-nCoV), Situation Report-11 (Jan. 31, 2020), available at https://www.who.int/docs/default-source/coronaviruse/situation-reports/20200131-sitrep-11-ncov.pdf?sfvrsn=de7c0f7_4.
[6] WHO Rolling Update.

37.     Over the next six weeks, the number of cases, deaths and affected countries continued to climb to the point that the WHO classified the COVID-19 outbreak as a "pandemic."[7]

38.     As a global pandemic, the presence of COVID-19 is, by definition, worldwide.

39.     As of the date of this Petition, COVID-19 has infected nearly 100 million people in the U.S. and caused more than 1.1 million deaths, and continues to spread, including through variants.[8]

40.     Dallas and New Orleans are no exceptions to this data. As of near the date of this filing, Dallas has been home to more than 756,000 total cases of COVID-19 and to 7,380 deaths.[9] Although cumulative data is less available in New Orleans, New Orleans has also had its fair share of total COVID-19 cases, hospitalizations, and deaths.[10]

41.     Indeed, each of Plaintiffs' three insured properties at issue had various methods of tracking the presence of COVID-19 on the premises, including through positive test results of employees, customers, vendors, and the like, and through contact tracing.  And, indeed, each of Plaintiffs' properties had numerous confirmed cases of COVID-19 on the premises from March 2020 through at least February 2022.

**D.     COVID-19 Triggers Special Time Element Coverage, Which Does Not Require Physical Loss, Damage, or Destruction.**

42.     The Policies' Special Time Element provision states that the Policies are "*extended to cover the actual loss sustained by the Insured resulting from cancellation of or inability to accept*

---

[7] World Health Organization, WHO Director-General's opening remarks at the media briefing on COVID-19 (Mar. 11, 2020), available at https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020.

[8]     CDC, *Cases in the U.S.*, available at https://covid.cdc.gov/covid-data-tracker/?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fcases-updates%2Fcases-in-us.html#cases_casesper100klast7days (last visited July 30, 2024).

[9] Dallas County, Coronavirus Updates and Information, available at https://www.dallascounty.org/covid-19/ (last visited July 30, 2024).

[10] COVID Act Now, COVID Tracker using CDC Data, available at https://covidactnow.org/us/louisiana-la/county/orleans_parish/?s=50083753 (last visited July 30, 2024).

bookings for accommodations and/or a cessation or diminution of trade due to a loss of potential

customers, as a direct result of: a) The occurrence at an insured location of . . . *contagious and/or*

*infections disease* . . . . b) *the outbreak of a contagious and/or infections disease*, the discovery

of which causes restrictions on the use of that location on the order of the competent local authority.

. . ." This coverage extension is subject to a $5 million sub-limit.

43.    This sub-limited coverage is the only coverage that has been paid to Plaintiffs, in

part.  Specifically, other insurers in the program  have paid their quota-shares of the Special Time

Element sub-limits totaling $1.575 million.  Remaining Insurers, including Chubb and AWAC,

have refused to pay these amounts.

44.    As demonstrated by the payments by other insurers in the program,  certain of

Plaintiffs' losses from COVID-19 are precisely what the Special Time Element provision covers...

losses sustained by Plaintiffs from cancellations of or inability to accept bookings and/or a

cessation or diminution in business from a loss of potential customers as a result of

contagious/infectious disease (like COVID-19) at insured locations *or* the outbreak of

contagious/infectious disease (like COVID-19) leading to restrictions on use of that location by

local authorities.

45.    Still, certain Insurers failed to provide this coverage, necessitating the filing of this

lawsuit.

**E.    The Texas and Louisiana Civil Orders Resulting from COVID-19 and the
Imminence of COVID-19 Trigger Civil Authority Coverage, Which Does Not
Require Physical Loss, Damage, or Destruction.**

46.    The Policies' Time Element coverages, including business interruption, are also

extended to include losses resulting from Interruption by Civil or Military Authority, which may

be triggered by *imminent loss* by an insured peril *in addition* to physical loss, damage or

destruction.  Specifically, the Policies insure "loss sustained during the period of time when, as a

result of direct physical loss, damage or destruction *__or imminent loss__* by a peril insured by this Policy within five (5) miles of an insured 'location,' normal business operations are interrupted or reduced because access to that 'location' is prevented by order of civil or military authority."

47.    Again, Plaintiffs suffered the precise losses covered by the Civil Authority provision when, as a result of COVID-19 (including within 5-miles of the insured properties), local authorities in Dallas and New Orleans and statewide authorities in Texas and Louisiana issued stay-at-home, shelter-in-place, and other orders restricting the use of and ordering full or partial closures of the Hilton Anatole Hotel and Dallas Market Center in Dallas, and the Windsor Court Hotel in New Orleans.

48.    Specifically, beginning on March 12, 2020, when Dallas County Judge Clay Jenkins issued a state of local disaster "due to **imminent** threat arising from COVID-19", and continuing into at least February 2022, Plaintiffs' properties in Dallas (the Hilton Anatole Hotel and Dallas Market Trade Center) were the subject of various local and statewide orders that restricted the use of Plaintiffs' properties and caused losses when normal business operations were completely interrupted or reduced as a result.[11]

49.    In New Orleans, Louisiana Governor John Bel Edwards first issued Proclamation No. 25 JBE 2020 on March 11, 2020, declaring a public health emergency for the State of Louisiana as a result of the COVID-19 pandemic.  That same day, New Orleans Mayor LaToya Cantrell issued a proclamation filed at Civil District Court docket number 2020-2449, declaring a state of emergency in the City of New Orleans as a result of the COVID-19 pandemic. Thereafter,

---

[11] A compilation of many such local and statewide orders impacting the Hilton Anatole Hotel and Dallas Market Center can be found on the Dallas County website, available at https://www.dallascounty.org/covid-19/county-judge/past-orders/judge-past-orders.php.  Further, all Orders and Disaster Declarations by the office of the Texas Governor are available at https://gov.texas.gov/coronavirus-executive-orders.  *See e.g.* Governor Greg Abbot's Executive Order 8, Mitigating COVID-19 Spread available at https://gov.texas.gov/news/post/governor-abbott-issues-executive-orders-to-mitigate-spread-of-covid-19-in-texas (ordering shelter in place and various restrictions "certifying that COVID-19 poses an **imminent** threat of disaster. . .").

both Governor Edwards and Mayor Cantrell continued to issue a series of proclamations to deal with (and reduce the rapid spread of) the COVID-19 pandemic, including the closures of businesses in Louisiana and in New Orleans, including the Windsor Court Hotel located in the heart of Orleans Parish in New Orleans' Central Business District.[12]

50.     Plaintiffs' losses resulting from these orders are precisely what is covered by the Policies' Civil Authority provision.  As a result of **imminent** loss by COVID-19, a peril insured,[13] at (and certainly within 5-miles of) Plaintiffs' properties, normal business operations were interrupted or reduced because access to the Hilton Anatole, Dallas Market Center, and the Windsor Court Hotel was prevented by orders of civil or military authorities in Dallas, New Orleans, Texas and Louisiana.

51.     Yet, Insurers have also disclaimed coverage for COVID-19 under the Civil Authority provision, necessitating the filing of this lawsuit.

**F.     No Exclusions Preclude Coverage for These Losses.**

52.      Without assuming any burden of proof as to any exclusion or exception to coverage, the Policies contain no provision that would render Plaintiffs' losses from COVID-19 outside of the Policies' "all risk" coverage or its various applicable coverage extensions.  Indeed, and as described, *supra*, the Policies' Special Time Element and Civil Authority provisions, among others, cover Plaintiffs' losses without exception from the peril of COVID-19.

53.     The Special Time Element provision specifically covering contagious or infectious disease, like COVID-19, contains an exclusionary clause that is not applicable to COVID-19.  The

---

[12] A collection of local and statewide orders impacting the Windsor Court Hotel and the city of New Orleans can be found on the City of New Orleans website, available at https://nola.gov/health/coronavirus/safe-reopening/phases/.
[13] Indeed, COVID-19 is a contagious or infectious disease, a peril specifically insured by the Special Time Element provision.  Further, COVID-19 is a peril insured and not otherwise excluded under this "all risk" property insurance program.

Special Time Element provision's last clause provides, "this Policy excludes any loss directly or indirectly arising out of, contributed to, or by resulting from **Severe Acute Respiratory Syndrome (SARS),** Avian Flu, and or atypical pneumonia, or fear or threat thereof" (the "SARS exclusion").  But the SARS exclusion contains an *exhaustive* list of specifically excluded diseases, diseases which could not include, or have been intended to include, COVID-19, as the Policies were written and issued before anyone in the world knew what COVID-19 was.  Further, SARS has been treated differently from COVID-19 by courts, who note that SARS Exclusions in the insurance market by 2020 referred to the 2003 outbreak of SARS, whereas COVID-19 refers to the 2020 outbreak of a different variant of SARS, which could not have been excluded by Policies pre-dating 2020 and excluding only enumerated conditions.  Perhaps most convincingly is that this language appears in all of the Policies, but other Insurers of the program have paid this coverage without contention, making the other Insurers' withholding of same disingenuous and in bad faith.

54.     The Policies also have a Pollution, Contamination Exclusion, purporting to exclude loss "caused by, resulting from, contributed to or made worse by actual, alleged or threatened release discharge, escape or dispersal of 'contaminants or pollutants,'" defined to mean "any material that after its release can cause or threaten damage to human health or human welfare or causes or threatens damage, deterioration, loss of value, marketability or loss of use of property insured by this Policy, including . . . . bacteria, virus, or hazardous substances as listed in the Federal Water Pollution Control Act, Clean Air Act, Resource Conservation and Recovery Act of 1976, and Toxic Substances Control Act, or as designated by the U.S. Environmental Protection Agency."

55.     Yet, the Policies' Pollution, Contamination Exclusion does not mention contagious or infectious disease, despite that the Policies use that precise language to describe insured perils,

including in the Special Time Element provision.  Further, this is not a broad "virus exclusion," as was widely available on the insurance market at the time the Policies were negotiated and issued, but rather a pollution exclusion, applying specifically to traditional, environmental hazardous pollution, not to natural catastrophes such as a pandemic (as evidenced by "release discharge, escape or dispersal," which are terms of art for environmental hazardous pollution in the insurance industry, as well as by the implication of federal regulations applying *only* to traditional, environmental pollution and regulation and not to natural disasters or COVID-19).  Indeed, courts across the country have noted the inapplicability of these traditional pollution exclusions to contagious or infectious disease, including COVID-19.

56.     The presence or suspected presence of COVID-19 at Plaintiffs' properties was the result of natural processes, as opposed to an act of environmental pollution or contamination.  The Policies' Pollution, Contamination exclusion does not exclude coverage for Plaintiffs' claim.

57.     At worst, the Policies are ambiguous, and therefore must be construed in favor of coverage, particularly where exclusionary language is at play.

**G.     Despite that COVID-19 Triggers the Unique Coverage Provided by Insurers, Including Special Time Element and Civil Authority Coverage, Insurers Have Denied Coverage, Either Beyond Special Time Element or Altogether, Causing Plaintiffs to Incur Significant Damages.**

58.     Plaintiffs submitted a preliminary notice of loss resulting from the onset of the COVID-19 pandemic on or around April 21, 2020.

59.     Thereafter, in June 2020, Insurers issued reservations of rights letters and requested various pieces of information.  Plaintiffs, through its broker, Willis Towers Watson, provided responses to the requests for information specific to Time Element Coverage through December 2020.  Through that transmission and multiple since then, Plaintiffs have provided Insurers with

information necessary to support coverage for their $103 million in COVID-19-related losses, and it is likely that number has grown.

60.     In March 2021, AWAC and Chubb denied coverage of Plaintiffs' claim altogether on the primary bases of "no physical loss/damage/destruction" from COVID-19, the application of the SARS Exclusion to the Special Time Element Coverage, and the application of the Pollution, Contamination Exclusion.[14]   Despite urging reconsideration through various coverage position letters, these Insurers were firm in their improper denials, ignoring the unique coverage they sold to Plaintiffs and various authority supporting those recoveries, as well as payments by other insurers in the program for Special Time Element coverage.

61.     By between May 2021 and around August 2021, other insurers in the program had acknowledged and paid their quota-shares of coverage for certain of Plaintiffs' losses from COVID-19 pursuant to the sub-limited Special Time Element coverage, totaling $1.575 million, but denied any obligation to provide additional coverage for Plaintiffs' COVID-19-related losses, including for Civil Authority, based upon similar grounds as the other Insurers.  But all of the Insurers' conclusions are based on unsupportable readings of the unique Policies they sold to Plaintiffs and the law, and are unreasonable.

62.     For all of the reasons described above, Insurers have wrongfully and unreasonably denied Plaintiffs' remaining claim for coverage under the Policies, including for remaining Special Time Element and for all of Civil Authority coverage.  As a result of Insurers' bad faith conduct and unreasonable denials, Plaintiffs have suffered and continue to suffer damages in an amount

---

[14] Despite the timing of Insurers' various denials, this action is timely brought as to all relief sought by Plaintiffs against Defendants, including because Plaintiffs and Defendants entered into various Tolling Agreements and extensions thereof, which have tolled the limitations periods applicable to Plaintiffs' claims.

not less than $103 million in policy benefits, plus attorney's fees, which continue to accrue, in pursuit of its claim under the Policies, which are sought through this action.

## V.    CAUSES OF ACTION

### A.    Count One – Breach of Contract (Special Time Element – *Insurers other than CNA and Lloyd's*)

63.    Plaintiffs incorporate each and every allegation set forth in this Petition as if fully set forth in this section.

64.    The Policies are valid and enforceable contracts between Plaintiffs and Insurers.

65.    Plaintiffs are insureds under the Policies.

66.    Plaintiffs have complied with all applicable provisions in the Policies, including paying premiums and providing timely notice.

67.    Plaintiffs have satisfied all conditions precedent under the Policies, or those conditions have been waived by Insurers.

68.    In the Policies, Insurers agreed to cover Plaintiffs for their Time Element Loss, including through the Special Time Element extension specifically providing coverage for losses arising from the peril of contagious and/or infections disease and pandemics, and which does not require physical loss, damage, or destruction.

69.    COVID-19 is a contagious and/or infectious disease and pandemic that has caused Plaintiffs to suffer losses, including time element losses, resulting from cancellation of or inability to accept bookings for accommodations and/or a cessation or diminution of trade due to a loss of potential customers.

70.    No exclusions apply to bar this coverage.

71.     Plaintiffs are entitled to their unique coverage for Special Time Element loss related to COVID-19 because the Policies unambiguously provide coverage for that loss or, alternatively, the Policies are ambiguous and should be construed in favor of coverage.

72.     Nonetheless, Insurers other than CNA and Lloyd's have denied this portion of the claim and unjustifiably refuse to pay for these losses and expenses in breach of the unique Policies they sold.

73.     As a direct and proximate result of Insurers' breach of contract, Plaintiffs have been deprived of the benefits of the Policies and have incurred damages, the amount of which shall be determined at trial, plus pre-and post-judgment interest and any other costs and relief that this Court deems appropriate.

**B.     Count Two – Breach of Contract (Civil Authority Coverage –** *all Insurers***)**

74.     Plaintiffs incorporate each and every allegation set forth in this Petition as if fully set forth in this section.

75.     The Policies are valid and enforceable contracts between Plaintiffs and Insurers.

76.     Plaintiffs are insureds under the Policies.

77.     Plaintiffs have complied with all applicable provisions in the Policies, including paying premiums and providing timely notice.

78.     Plaintiffs have satisfied all conditions precedent under the Policies, or those conditions have been waived by Insurers.

79.     In the Policies, Insurers agreed to cover Plaintiffs for their Time Element Loss, including through the Interruption by Civil or Military Authority extension specifically providing coverage for losses due to an interruption or reduction in normal business operations because access to those business locations are prevented by order of civil authority due to imminent loss

by a peril insured (within 5 miles). Like Special Time Element Coverage, this Civil Authority coverage is triggered by imminent loss, and does not require physical loss, damage, or destruction.

80.    Plaintiffs have suffered losses from interruptions or reductions in business caused by civil orders of local Dallas and New Orleans authorities, as well as statewide authorities in Texas and Louisiana, issued as a result of imminent loss by COVID-19 (including within 5-miles, and indeed on, Plaintiffs' properties).

81.    No exclusions apply to bar this coverage.

82.    Plaintiffs are entitled to this unique coverage for its Civil Authority loss related to COVID-19 because the Policies unambiguously provide coverage for that loss or, alternatively, the Policies are ambiguous and should be construed in favor of coverage.

83.    Nonetheless, Insurers have denied these claim amounts and unjustifiably refuse to pay for these losses and expenses in breach of the unique Policies they sold.

84.    As a direct and proximate result of Insurers' breach of contract, Plaintiffs have been deprived of the benefits of the Policies and have incurred damages, the amount of which shall be determined at trial, plus pre-and post-judgment interest and any other costs and relief that this Court deems appropriate.

**C.    Count Four – Chapter 542 of the Texas Insurance Code (*all Insurers*)**

85.    Plaintiffs incorporate each and every allegation set forth in this Petition as if fully set forth in this section.

86.    Plaintiffs have made a claim under the Policies for its losses and have satisfied all conditions under the Policies.

87.    Insurers have violated Chapter 542 of the Texas Insurance Code by failing to timely pay Plaintiffs' losses in connection with its claim, despite long having had the information required to pay Plaintiffs claim. *See* TEX. INS. CODE §§ 542.051, 542.058, 542.060.

88.     Insurers continue to deny Plaintiffs' claim under the Policies.

89.     As a result, Plaintiffs are entitled to, and Insurers are liable to pay Plaintiffs, the damages set forth in § 542.060 of the Texas Insurance Code, including, in addition to reasonable and necessary attorney's fees (currently totaling not less than $200,000), interest at a rate of eighteen percent (18%) per annum on unpaid claim amounts (totaling not less than $103 million), as well as any and all other relief provided therein.

**D.      Count Five – Chapter 541 of the Texas Insurance Code (*all Insurers*)**

90.     Plaintiffs incorporate each and every allegation set forth in this Petition as if fully set forth in this section.

91.     Plaintiffs did not need to provide notice to Defendants to bring claims under this Chapter of the Texas Insurance Code because such notice was impractical because this action needed to be filed to prevent certain statute of limitations periods from expiring. *See* TEX. INS. CODE §§ 542.154(c)(1).

92.     Defendants have engaged in unfair or deceptive acts or practices as defined by Section 541.061 and 541.060(a)(1) of the Texas Insurance Code by misrepresenting the terms of the Policies they sold to Plaintiffs, including by declaring that no coverage exists for certain claim amounts, when coverage does exist for the claim and when Insurers expressly sold the Policies to Plaintiffs that cover the claim, and Plaintiffs relied on those representations when it purchased the Policies.  Indeed, Plaintiffs would not have purchased the Policies had they known that Insurers would deny claims of the sort sought here, claims that Insurers promised would be covered in order to sell the Policies to Plaintiffs.  For instance, the parties negotiated, and the Insurers sold to Plaintiffs, Policies that they said expressly covered losses from contagious or infectious disease and pandemics, as well as losses resulting from interruptions by Civil Authority, neither of which require physical loss, damage, or destruction.  These coverages were negotiated and promised to

Plaintiffs by Defendants.  However, when the time came that Plaintiffs made a claim for these precise losses that Insurers promised to cover when they issued the Policies, and which Plaintiffs fully expected to be covered, Insurers went back on their promises and denied that very coverage. That is a misrepresentation of the Policies pursuant to this sub-chapter of the Texas Insurance Code, among other misrepresentations of fact, law, and Policy provisions that Insurers have made in unreasonably denying Plaintiffs' claim.

93.     Defendants have violated Section 541.060(a)(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim where Insurers' liability has been reasonably clear for some time.  Plaintiffs' claims for Special Time Element and Civil Authority coverages not requiring physical loss, damage, or destruction are clearly covered by the Policies, and some of the Defendants have even paid Special Time Element.  Yet Defendants either unreasonably refuse to pay any amounts or any further amounts beyond sub-limited Special Time Element coverage in bad faith, even where their liability is clear.

94.     Defendants have violated Section 541.060(a)(3) by failing to provide a reasonable explanation for Defendants' bases for denial, or for their lack of payment, for the claim.  To the extent Defendants have stated they disagree as to certain portions of the claim, and despite numerous requests to do so, Defendants fail to provide a reasonable explanation for Defendants' disagreement or lack of payment.  And, despite numerous attempts by coverage counsel to inform Defendants of their clear coverage obligations, Defendants continue to deny claim amounts without reasonable explanations, and by ignoring the clear and unambiguous language of the Policies they sold to Plaintiffs as well as ignoring authority in favor of coverage Defendants continue to deny.

95.     Defendants have violated Section 541.060(a)(4) by failing within a reasonable time to affirm or deny coverage.  The claim was first made on or around April of 2020.  Yet, despite certain Defendants' acknowledgement and payment of sub-limited, covered Special Time Element loss on or around the summer of 2021 (over one year later), Defendants have either not issued any payment or any *further* payments since that time.  Further, Defendants failed to affirm or deny coverage as to significant portions of the claim for nearly one year after notice was provided, and four months after Plaintiffs provided support for the claim.

96.     Defendants have violated Section 541.060(a)(7) by refusing to pay the claim, or the large majority of the claim, without conducting a reasonable investigation.  Certain Defendants (AWAC, and Chubb) have refused to acknowledge coverage that their co-Insurers have paid.  And all Insurers have refused to pay or acknowledge the remainder of the claim, despite that they sold Plaintiffs unique Policies that cover the claim.  Defendants' "investigation(s)" has led to conclusory statements about coverage, without reasonable support, and have included ignoring unique Policy language and authority giving rise to coverage.  Further, Insurers issued unreasonable requests for information that have no bearing on coverage for the claim and whose purpose was to delay payment and/or coverage determinations.

97.     As a result of Defendants' conduct, Plaintiffs have suffered substantial damages as well as attorney's fees and court costs.  The actual amount of policy benefits wrongfully denied to Plaintiffs is not less than $103 million plus attorney's fees in an amount not less than $205 thousand.

98.     Insurers each knowingly committed one or more of the violations referenced above, and thus Plaintiffs seek, in addition to its actual damages, court costs, and attorneys' fees, an

amount not to exceed three times the amount of Plaintiffs' actual damages awarded against Insurers.

### E.    Count Six – Attorney's Fees (*all Insurers*)

99.    Plaintiffs incorporate each and every allegation set forth in this Petition as if fully set forth in this section.

100.    As a direct result of Insurers' breaches of the Policies, Plaintiffs were required to retain legal services.  Plaintiffs have agreed to pay their lawyers a reasonable fee for their services necessarily rendered in preparation of and to be rendered in prosecution of this action.  Although Plaintiffs presented their claim for damage to Defendants, Defendants did not honor their obligations under the Policies by tendering payment for the claim.  Accordingly, Plaintiffs are entitled to an award of their reasonable and necessary attorneys' fees and expenses incurred to pursue their claims against Defendants in an amount to be established at trial, but in no event less than the $200,000 thousand incurred to date.  TEX. CIV. PRAC. & REM. CODE ANN. § 38.001; Tex. Ins. Code Ann. §§ 541; 542A.

## VI.    JURY DEMAND

101.    Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs demand a jury trial in this matter and have paid the required jury fee.

## VII.    PRAYER

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs the following relief:

(1)    Judgment awarding Plaintiffs all actual damages it has suffered as a result of certain Insurers' breaches of the Policies with respect to certain Insurers' failures to pay Special Time Element losses;

(2)    Judgment awarding Plaintiffs all actual damages it has suffered as a result of Insurers' breaches of the Policies with respect to Insurers' failures to pay Interruption by Civil or Military Authority losses;

(3)      Judgment awarding Plaintiffs all damages sustained as a result of Defendants' violations of Chapters 542 of the Texas Insurance Code;

(4)      Judgment awarding Plaintiffs all damages sustained as a result of Defendants' violations of Chapter 541 of the Texas Insurance Code;

(5)      Judgment awarding Plaintiffs all reasonable and necessary attorneys' fees and expenses owed under Chapter 38 of the Texas Civil Practice & Remedies Code, and under Chapters 541 and 542 of the Texas Insurance Code;

(6)      Judgment awarding Plaintiffs all pre- and post-judgment interest at the highest rate allowed by law;

(7)      Judgment awarding Plaintiffs all costs of court;

(8)      Judgment awarding Plaintiffs all consequential damages; and

(9)      Judgment awarding all such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

/s/ *Ernest Martin, Jr.*
Ernest Martin, Jr.
State Bar No. 13063300
ernest.martin@haynesboone.com
Emily Buchanan
State Bar No. 24101568
emily.buchanan@haynesboone.com
S. Benjamin Schindler
State Bar No. 24121820
s.benjamin.schindler@haynesboone.com
HAYNES AND BOONE, L.L.P.
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Telephone:    (214) 651-5000
Telecopier:    (214) 651-5940

ATTORNEYS FOR PLAINTIFFS CROW FAMILY, INC., CROW HOLDINGS CAPITAL PARTNERS, L.L.C., ANATOLE PARTNERS III, L.L.C., and WINDSOR COURT HOTEL PARTNERS, L.L.C.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tiffany Thrasher on behalf of Ernest Martin
Bar No. 13063300
tiffany.thrasher@haynesboone.com
Envelope ID: 90447187
Filing Code Description: Original Petition
Filing Description:
Status as of 8/7/2024 1:56 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ernest Martin | | ernest.martin@haynesboone.com | 8/1/2024 3:26:33 PM | SENT |
| S. Benjamin Schindler | | s.benjamin.schindler@haynesboone.com | 8/1/2024 3:26:33 PM | SENT |
| Emily LouiseBuchanan | | emily.buchanan@haynesboone.com | 8/1/2024 3:26:33 PM | SENT |
| Tiffany Thrasher | | tiffany.thrasher@haynesboone.com | 8/1/2024 3:26:33 PM | SENT |

# EXHIBIT C-2

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

# CITATION

**To:** **ILLINOIS UNION INSURANCE COMPANY**
**BY SERVING ITS COUNSEL MR. PAUL BECH, ESQ.**
**436 WALNUT STREET**
**PHILADELPHIA PA 19106**

**No.: DC-24-11778**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Dallas, Texas 75202.

 Said Plaintiff being **CROW FAMILY, INC.; CROW HOLDINGS CAPITAL PARTNERS, L.L.C.; ANATOLE PARTNERS III, L.L.C.; WINDSOR COURT HOTEL PARTNERS, L.L.C.**

Filed in said Court  **1st day of August, 2024** against

 **ALLIED WORLD ASSURANCE COMPANY, LTD.; CONTINENTAL CASUALTY COMPANY; ILLINOIS UNION INSURANCE COMPANY; LLOYD'S UNDERWRITERS-BRIT**

For Suit, said suit being numbered **DC-24-11778,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

 WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office  **on this the 22nd day of August, 2024**

 ATTEST: FELICIA PITRE,
 Clerk of the District Courts of Dallas County, Texas

 By_____ , Deputy
 **ALICE TORRES**

**CROW FAMILY, INC. et al**
**vs.**
**ALLIED WORLD ASSURANCE COMPANY, LTD. et al**

**ISSUED**
**on this the 22nd day of August, 2024**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**ERNEST MARTIN**
2801 N HARWOOD STREET
SUITE 2300
Dallas TX  75201
214-651-5000
ernest.martin@haynesboone.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



**OFFICER'S RETURN**

Cause No. DC-24-11778

Court No.: 14th District Court

Style: CROW FAMILY, INC. et al
 vs.
ALLIED WORLD ASSURANCE COMPANY, LTD. et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M. Executed at _____, within the County of _____ at _____ o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

         For serving Citation   $_____          _____

         For mileage              $_____          of_____County, _____

         For Notary               $_____          By_____ Deputy

                             (Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

        20_____, to certify which witness my hand and seal of office.

                               _____

                               Notary Public_____ County_____

# EXHIBIT C-4

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

ESERVE

# CITATION

To:    **CONTINENTAL CASUALTY COMPANY**
       **BY SERVING ITS REGISTERED AGENT**
       **151 N. FRANKLIN ST.**
       **CHICAGO IL 60606**

**No.: DC-24-11778**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Dallas, Texas 75202.

 Said Plaintiff being **CROW FAMILY, INC.; CROW HOLDINGS CAPITAL PARTNERS, L.L.C.; ANATOLE PARTNERS III, L.L.C.; WINDSOR COURT HOTEL PARTNERS, L.L.C.**

Filed in said Court  **1st day of August, 2024** against

 **ALLIED WORLD ASSURANCE COMPANY, LTD.; CONTINENTAL CASUALTY COMPANY; ILLINOIS UNION INSURANCE COMPANY; LLOYD'S UNDERWRITERS-BRIT**

For Suit, said suit being numbered **DC-24-11778,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

 WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office  **on this the 22nd day of August, 2024**

 ATTEST: FELICIA PITRE,
 Clerk of the District Courts of Dallas County, Texas

By_____ , Deputy
     **ALICE TORRES**

**CROW FAMILY, INC. et al**
**vs.**
**ALLIED WORLD ASSURANCE COMPANY, LTD. et al**

**ISSUED**
**on this the 22nd day of August, 2024**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**ERNEST MARTIN**
2801 N HARWOOD STREET
SUITE 2300
Dallas TX  75201
214-651-5000
ernest.martin@haynesboone.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



**OFFICER'S RETURN**

Cause No. DC-24-11778

Court No.: 14th District Court

Style: CROW FAMILY, INC. et al
 vs.
ALLIED WORLD ASSURANCE COMPANY, LTD. et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named
_____
_____
each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of
delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which
witness my hand.

                    For serving Citation  $_____       _____
                    For mileage         $_____       of_____County, _____
                    For Notary          $_____       By_____ Deputy
                          (Must be verified if served outside the State of Texas.)
    Signed and sworn to by the said_____ before me this_____ day of _____,
           20_____, to certify which witness my hand and seal of office.

                                        _____
                                        Notary Public_____ County_____

# EXHIBIT C-3

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

ESERVE

# CITATION

**To:**   **ALLIED WORLD ASSURANCE COMPANY, LTD.**
**BY SERVING ITS REGISTERED AGENT**
**27 RICHMOND ROAD**
**PEMBROKE HM 08, BERMUDA**

**No.: DC-24-11778**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Dallas, Texas 75202.

**CROW FAMILY, INC. et al**
vs.
**ALLIED WORLD ASSURANCE COMPANY, LTD. et al**

Said Plaintiff being **CROW FAMILY, INC.; CROW HOLDINGS CAPITAL PARTNERS, L.L.C.; ANATOLE PARTNERS III, L.L.C.; WINDSOR COURT HOTEL PARTNERS, L.L.C.**

**ISSUED**
**on this the 22nd day of August, 2024**

Filed in said Court  **1st day of August, 2024** against

**ALLIED WORLD ASSURANCE COMPANY, LTD.; CONTINENTAL CASUALTY COMPANY; ILLINOIS UNION INSURANCE COMPANY; LLOYD'S UNDERWRITERS-BRIT**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

For Suit, said suit being numbered **DC-24-11778,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

By: **ALICE TORRES**, Deputy

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 22nd day of August, 2024**

**Attorney for Plaintiff**
**ERNEST MARTIN**
2801 N HARWOOD STREET
SUITE 2300
Dallas TX  75201
214-651-5000
ernest.martin@haynesboone.com

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

By_____, Deputy
**ALICE TORRES**



**OFFICER'S RETURN**

Cause No. DC-24-11778

Court No.: 14th District Court

Style: CROW FAMILY, INC. et al
 vs.
ALLIED WORLD ASSURANCE COMPANY, LTD. et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____ .M. on the _____ day of_____, 20_____, by delivering to the within named
_____
_____
each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of
delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which
witness my hand.

                For serving Citation   $_____            _____
                For mileage           $_____            of_____ County, _____
                For Notary            $_____            By_____ Deputy
                        (Must be verified if served outside the State of Texas.)
Signed and sworn to by the said_____ before me this_____ day of _____,
            20_____, to certify which witness my hand and seal of office.

                                     _____
                                     Notary Public_____ County_____

# EXHIBIT C-5

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

**ESERVE**

# CITATION

To: **LLOYD'S UNDERWRITERS-BRIT**
**BY SERVING ITS REGISTERED AGENT MENDES & MOUNT LLP**
**750 SEVENTH AVENUE**
**NEW YORK NY  10019**

**No.: DC-24-11778**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **CROW FAMILY, INC.; CROW HOLDINGS CAPITAL PARTNERS, L.L.C.; ANATOLE PARTNERS III, L.L.C.; WINDSOR COURT HOTEL PARTNERS, L.L.C.**

Filed in said Court  **1st day of August, 2024** against

**ALLIED WORLD ASSURANCE COMPANY, LTD.; CONTINENTAL CASUALTY COMPANY; ILLINOIS UNION INSURANCE COMPANY; LLOYD'S UNDERWRITERS-BRIT**

For Suit, said suit being numbered **DC-24-11778,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 22nd day of August, 2024**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**

**CROW FAMILY, INC. et al**
vs.
**ALLIED WORLD ASSURANCE COMPANY, LTD. et al**

**ISSUED**
**on this the 22nd day of August, 2024**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**ERNEST MARTIN**
2801 N HARWOOD STREET
SUITE 2300
Dallas TX  75201
214-651-5000
ernest.martin@haynesboone.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**



**OFFICER'S RETURN**

Cause No. DC-24-11778

Court No.: 14th District Court

Style: CROW FAMILY, INC. et al
 vs.
ALLIED WORLD ASSURANCE COMPANY, LTD. et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M. Executed at _____, within the County of _____ at _____ o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named _____ _____ each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

           For serving Citation   $_____          _____
           For mileage             $_____          of_____County, _____
           For Notary              $_____          By_____ Deputy
                        (Must be verified if served outside the State of Texas.)
   Signed and sworn to by the said_____ before me this_____ day of _____, 20_____, to certify which witness my hand and seal of office.

                                        _____
                                        Notary Public_____ County_____

# EXHIBIT C-6

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

Received LCGR    *11:00am*

SEP ¨ 3 2024

*Accepted service of CM*
*151 N. Franklin*
*Kristine Bala*

**To:**  **CONTINENTAL CASUALTY COMPANY**
**BY SERVING ITS REGISTERED AGENT**
**151 N. FRANKLIN ST.**
**CHICAGO IL 60606**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **CROW FAMILY, INC.; CROW HOLDINGS CAPITAL PARTNERS, L.L.C.; ANATOLE PARTNERS III, L.L.C.; WINDSOR COURT HOTEL PARTNERS, L.L.C.**

Filed in said Court  **1st day of August, 2024** against

**ALLIED WORLD ASSURANCE COMPANY, LTD.; CONTINENTAL CASUALTY COMPANY; ILLINOIS UNION INSURANCE COMPANY; LLOYD'S UNDERWRITERS-BRIT**

For Suit, said suit being numbered **DC-24-11778**, the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 22nd day of August, 2024**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**

---

**ESERVE**

# CITATION

No.: **DC-24-11778**

**CROW FAMILY, INC. et al**
**vs.**
**ALLIED WORLD ASSURANCE COMPANY, LTD. et al**

**ISSUED**
**on this the 22nd day of August, 2024**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

Attorney for Plaintiff
**ERNEST MARTIN**
2801 N HARWOOD STREET
SUITE 2300
Dallas TX 75201
214-651-5000
ernest.martin@haynesboone.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

SEP ¨ 3 2024    Received LCGR

*E3679901*



**OFFICER'S RETURN**

Cause No. DC-24-11778

Court No.: 14th District Court

Style: CROW FAMILY, INC. et al
vs.
ALLIED WORLD ASSURANCE COMPANY, LTD. et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.

Executed at _____, within the County of _____ at _____

o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of

delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which

witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____

Notary Public_____ County_____

# EXHIBIT C-7

FILED
9/10/2024 1:49 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Daniel Macias DEPUTY

## CAUSE NO. DC-24-11778

| | | |
|---|---|---|
| **CROW FAMILY INC., et al.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| **vs.** | § | **14TH JUDICIAL DISTRICT** |
| | § | |
| **ALLIED WORLD ASSURANCE** | § | |
| **COMPANY, LTD., et al.,** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **Defendant(s).** | § | |

## RETURN OF SERVICE

Came to my hand on **Friday, August 30, 2024 at 11:36 AM,**
Executed at: **436 WALNUT STREET, PHILADELPHIA, PA 19106**
at **3:39 PM,** on **Wednesday, September 4, 2024,** by delivering to the within named:

### ILLINOIS UNION INSURANCE COMPANY

Care of its **Counsel, MR. PAUL BECH, ESQ.**
by personally delivering to **Legal Analyst, ADRIENNE LOGAN**

a true copy of this

### CITATION and PLAINTIFFS' ORIGINAL PETITION

BEFORE ME, the undersigned authority, on this day personally appeared ALICIA LYNCH who after being duly sworn on oath states: "My name is ALICIA LYNCH. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Pennsylvania. I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

By: _____
**ALICIA LYNCH  Process Server**

**Subscribed and Sworn to by ALICIA LYNCH, Before Me, the undersigned authority, on this** _10th_ **day of September, 2024.**

_____
**Notary Public in and for the State of Pennsylvania**

Commonwealth Of Pennsylvania - Notary Seal
**Stephanie Hope Segal, Notary Public**
Bucks County
My Commission Expires April 11, 2028
Commission Number 1240980

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

ESERVE

# CITATION

**No.: DC-24-11778**

**To:** ILLINOIS UNION INSURANCE COMPANY
BY SERVING ITS COUNSEL MR. PAUL BECH, ESQ.
436 WALNUT STREET
PHILADELPHIA PA 19106

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **CROW FAMILY, INC.; CROW HOLDINGS CAPITAL PARTNERS, L.L.C.; ANATOLE PARTNERS III, L.L.C.; WINDSOR COURT HOTEL PARTNERS, L.L.C.**

Filed in said Court **1st day of August, 2024** against

**ALLIED WORLD ASSURANCE COMPANY, LTD.; CONTINENTAL CASUALTY COMPANY; ILLINOIS UNION INSURANCE COMPANY; LLOYD'S UNDERWRITERS-BRIT**

For Suit, said suit being numbered **DC-24-11778,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 22nd day of August, 2024**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**



**CROW FAMILY, INC. et al**
**vs.**
**ALLIED WORLD ASSURANCE COMPANY, LTD. et al**

_
**ISSUED**
**on this the 22nd day of August, 2024**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**ERNEST MARTIN**
2801 N HARWOOD STREET
SUITE 2300
Dallas TX 75201
214-651-5000
ernest.martin@haynesboone.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**

Cause No. DC-24-11778

Court No.: 14th District Court

Style: CROW FAMILY, INC. et al
 vs.
ALLIED WORLD ASSURANCE COMPANY, LTD. et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____ .M. on the _____ day of_____, 20_____, by delivering to the within named
_____
_____
each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of
delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:    To certify which
witness my hand.

        For serving Citation  $_____      _____

        For mileage       $_____      of_____ County, _____

        For Notary        $_____      By_____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,
20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

**RETURN / AFFIDAVIT
PROOF / ATTACHED**

**RETURN / AFFIDAVIT
PROOF / ATTACHED**

# EXHIBIT C-8

FILED
9/11/2024 9:57 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Daniel Macias DEPUTY

Case 3:24-cv-02490-B    Document 1    Filed 10/03/24    Page 64 of 82    PageID 64

CAUSE NO. <u>DC-24-11778</u>

| | | |
|---|---|---|
| **CROW FAMILY INC., et al.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| **vs.** | § | **14TH JUDICIAL DISTRICT** |
| | § | |
| **ALLIED WORLD ASSURANCE** | § | |
| **COMPANY, LTD., et al.,** | § | |
| | § | |
| **Defendant(s).** | § | **DALLAS COUNTY, TEXAS** |

## <u>RETURN OF SERVICE</u>

Came to my hand on Friday, August 30, 2024 at 12:07 PM,
Executed at: 750 SEVENTH AVENUE, NEW YORK, NY 10019
at 11:53 AM. on Friday, September 6, 2024, by delivering to the within named:

### LLOYD'S UNDERWRITERS-BRIT

Care of its Registered Agent, MENDES & MOUNT, LLP
by personally delivering to Attorney, EDWARD SMITH

a true copy of this

### CITATION and PLAINTIFFS' ORIGINAL PETITION

BEFORE ME, the undersigned authority, on this day personally appeared ROBERT URENA who after being duly sworn on oath states: "My name is ROBERT URENA. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of New York.  I have personal knowledge of the facts and statements contained in this affidavit and aver that each is true and correct.  I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

By: _____
**ROBERT URENA – Process Server**

Subscribed and Sworn to by ROBERT URENA, Before Me, the undersigned authority, on this
_9ᵗʰ_ day of September, 2024.

PEDRO J RODRIGUEZ
Notary Public, State of New York
Registration No. 01RO9415138
Qualified in Queens County
Commission Expires 03/08/2025

**Notary Public in and for the State of New York**

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

ESERVE

# CITATION

To:   **LLOYD'S UNDERWRITERS-BRIT**
**BY SERVING ITS REGISTERED AGENT MENDES & MOUNT LLP**
**750 SEVENTH AVENUE**
**NEW YORK NY 10019**

No.: **DC-24-11778**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **CROW FAMILY, INC.; CROW HOLDINGS CAPITAL PARTNERS, L.L.C.; ANATOLE PARTNERS III, L.L.C.; WINDSOR COURT HOTEL PARTNERS, L.L.C.**

Filed in said Court  **1st day of August, 2024** against

**ALLIED WORLD ASSURANCE COMPANY, LTD.; CONTINENTAL CASUALTY COMPANY; ILLINOIS UNION INSURANCE COMPANY; LLOYD'S UNDERWRITERS-BRIT**

For Suit, said suit being numbered **DC-24-11778,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 22nd day of August, 2024**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**ALICE TORRES**

**CROW FAMILY, INC. et al**
**vs.**
**ALLIED WORLD ASSURANCE COMPANY, LTD. et al**

**ISSUED**
**on this the 22nd day of August, 2024**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **ALICE TORRES**, Deputy

**Attorney for Plaintiff**
**ERNEST MARTIN**
2801 N HARWOOD STREET
SUITE 2300
Dallas TX 75201
214-651-5000
ernest.martin@haynesboone.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**




**OFFICER'S RETURN**

Cause No. DC-24-11778

Court No.: 14th District Court

Style: CROW FAMILY, INC. et al
 vs.
ALLIED WORLD ASSURANCE COMPANY, LTD. et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____ .M. on the _____ day of_____, 20_____, by delivering to the within named
_____
_____
each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of
delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which
witness my hand.

For serving Citation   $_____    _____
For mileage       $_____    of_____ County, _____
For Notary       $_____    By_____ Deputy
(Must be verified if served outside the State of Texas.)
Signed and sworn to by the said_____ before me this_____ day of _____,
20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

RETURN / AFFIDAVIT
PROOF / ATTACHED                    RETURN / AFFIDAVIT
PROOF / ATTACHED

# EXHIBIT C-9

14TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

September 17, 2024

FILE COPY

DC-24-11778
CROW FAMILY, INC. et al  vs. ALLIED WORLD ASSURANCE COMPANY, LTD. et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil procedure and pursuant to the inherent power of the Court, on:

**October 21, 2024 at 11:00 AM**

If no answer has been filed you are expected to have moved for a default judgment on or prior to that date. Your failure to have done so will result in the dismissal of the case on the above date. Counsel of record must appear for the dismissal hearing, no so called "appearance Counsel" is allowed.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

ERIC V. MOYÉ, DISTRICT JUDGE
14TH DISTRICT COURT
Dallas County, Texas

Cc:
 ERNEST MARTIN
 2801 N HARWOOD STREET
 SUITE 2300
 DALLAS TX 75201

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CROW FAMILY, INC., CROW HOLDINGS CAPITAL PARTNERS, L.L.C., ANATOLE PARTNERS III, L.L.C., and WINDSOR COURT HOTEL PARTNERS, L.L.C.,** | § § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § § | **NO.: _____** |
| **ALLIED WORLD ASSURANCE COMPANY, LTD., CONTINENTAL CASUALTY COMPANY, ILLINOIS UNION INSURANCE COMPANY, and LLOYD'S UNDERWRITERS – BRIT,** | § § § § § § | |
| **Defendants.** | § § | |

**CERTIFICATE OF INTERESTED PERSONS
OF DEFENDANT CONTINENTAL CASUALTY COMPANY**

Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rules 3.1(c), 7.4, 81.1(a)(4)(D), and 81.2, Defendant Continental Casualty Company provides the following information:

1.    For a nongovernmental corporate party, the name(s) of its parent corporation and any publicly held corporation that owns 10% or more of its stock (if none, state "None"):

Continental Casualty Company is wholly owned by The Continental Corporation.

The Continental Corporation is wholly owned by CNA Financial Corporation. CNA Financial Corporation has issued shares to the public.

Loews Corporation owns the majority of the stock of CNA Financial Corporation and is publicly traded.

No other corporation owns 10% or more of the stock of CNA Financial Corporation.

2.     A complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case:

a.     The undersigned counsel states to the best of his knowledge that the following is a full and complete list of all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that seemingly have a financially interest in the outcome of this litigation.

    i.  Crow Family, Inc.
*Plaintiff*

   ii.  Crow Holdings Capital Partners, L.L.C.
*Plaintiff*

  iii.  Anatole Partners III, L.L.C.
*Plaintiff*

  iv.  Windsor Court Hotel Partners, L.L.C.
*Plaintiff*

   v.  Ernest Martin, Jr., Emily Buchanan, and S. Benjamin Schindler
Haynes and Boone, L.L.P.
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
*Attorneys for Plaintiffs*

  vi.  Continental Casualty Company
*Defendant*

 vii.  David H. Timmins
Spencer Fane LLP
2200 Ross Ave., Suite 4800 West
Dallas, Texas 75201
Telephone: (469) 391-7704
*Attorney for Defendant Continental Casualty Company*

viii.  Allied World Assurance Company, Ltd.
*Defendant*

ix.   Illinois Union Insurance Company
      *Defendant*

x.   Kristin C. Cope
     O'Melveny & Myers
     2801 N. Harwood, Suite 1600
     Dallas, TX 75201
     Telephone: (972) 360-1927
     *Attorney for Defendant Illinois Union Insurance Company*

xi.   Lloyd's Syndicate BRT 2987, slip leader for Certain Underwriters at Lloyd's of
      London subscribing to policy no. B080118231U19
      (referred to in the petition as "Lloyd's Underwriters – BRIT")
      *Defendant*

xii.   Ellen Van Meir
       Nicolaides Fink Thorpe Michaelides Sullivan, LLP
       2911 Turtle Creek Blvd., Suite 1025
       Dallas, TX 75219
       *Attorney for Defendant Certain Underwriters at Lloyd's of London subscribing
       to policy no. B080118231U19*

b.   If new parties are added or if additional persons or entities that are financially

interested in the outcome of this litigation are identified at any time during the pendency of this

litigation, counsel will amend this disclosure.

Respectfully submitted,

/s/ *David H. Timmins*
David H. Timmins
Texas Bar No. 00785106
dtimmins@spencerfane.com
SPENCER FANE LLP
2200 Ross Avenue, Suite 4800
Dallas, Texas 75201
Telephone: (214) 750-3610
Facsimile: (214) 750-3612

**Counsel for Defendant**
**Continental Casualty Company**

3

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 3, 2024, a true and correct copy of the foregoing document was electronically filed using the Court's CM/ECF filing system, which effected service on all counsel of record.

/s/ *David H. Timmins*
David H. Timmins

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CROW FAMILY, INC., CROW HOLDINGS CAPITAL PARTNERS, L.L.C., ANATOLE PARTNERS III, L.L.C., and WINDSOR COURT HOTEL PARTNERS, L.L.C.,** | § § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § § | **NO. _____** |
| **ALLIED WORLD ASSURANCE COMPANY, LTD., CONTINENTAL CASUALTY COMPANY, ILLINOIS UNION INSURANCE COMPANY, and LLOYD'S UNDERWRITERS – BRIT,** | § § § § § § | |
| **Defendants.** | § § | |

**DEFENDANT ILLINOIS UNION INSURANCE COMPANY'S
<u>CONSENT TO REMOVAL</u>**

Defendant Illinois Union Insurance Company, by and through its undersigned attorneys, consents to the removal of this action to the United States District Court for the Northern District of Texas as set forth in the Notice of Removal filed by Defendant Continental Casualty Company.

Dated: October 2, 2024

Respectfully submitted,

_/s/ Kristin C. Cope_____
Kristin C. Cope
kcope@omm.com
O'Melveny & Myers
2801 N. Harwood, Suite 1600
Dallas, TX 75201
Tel: 972-360-1927

*Attorney for Defendant
Illinois Union Insurance Company*

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CROW FAMILY, INC., CROW HOLDINGS CAPITAL PARTNERS, L.L.C., ANATOLE PARTNERS III, L.L.C., and WINDSOR COURT HOTEL PARTNERS, L.L.C.,** | § § § § § | |
| | § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **NO.** 24-2490 _____ |
| | § | |
| **ALLIED WORLD ASSURANCE COMPANY, LTD., CONTINENTAL CASUALTY COMPANY, ILLINOIS UNION INSURANCE COMPANY, and LLOYD'S UNDERWRITERS – BRIT,** | § § § § § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT LLOYD'S UNDERWRITERS – BRIT'S
<u>CONSENT TO REMOVAL</u>**

Defendant Certain Underwriters at Lloyd's, London[1] (incorrectly named in the petition as "Lloyd's Underwriters – BRIT"), by and through its undersigned attorneys, consents to the removal of this action to the United States District Court for the Northern District of Texas as set forth in the Notice of Removal filed by Defendant Continental Casualty Company.

---

[1] Slip Leader – Lloyd's Syndicate BRT 2987.

Dated:  October 3, 2024

Respectfully submitted,

Ellen Van Meir
State Bar No. 00794164
evanmeir@nicolaidesllp.com
NICOLAIDES FINK THORPE
     MICHAELIDES SULLIVAN, LLP
2911 Turtle Creek Blvd., Suite 1025
Dallas, TX 75219
469.290.9045
469.290.9041 – FAX
*Attorneys for Defendant*
*Certain Underwriters at Lloyd's of London*
*Subscribing to Policy No. B080118231U19*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CROW FAMILY, INC., et al. (see attachment)

## DEFENDANTS

Allied World Assurance Co., Ltd., et al. (see attachment)

**(b)** County of Residence of First Listed Plaintiff __Dallas County__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Haynes and Boone LLP (see attachment)

Attorneys *(If Known)*

(see attachment)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [x] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [x] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [x] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Alleged breach of contract and violation of Texas Insurance Code for failure to pay property insurance claim.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
at least 108,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 10/3/2024 | /s/ David H. Timmins |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## Supplemental Civil Cover Sheet for Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | Dallas County District Court, 14th Judicial District | DC-24-11778 |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

   | Party and Party Type | Attorney(s) |
   |---|---|
   | *See attached list | |
   | | |
   | | |
   | | |
   | | |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?   ☑ Yes        ☐ No

   If "*Yes,*" by which party and on what date?

   PLAINTIFFS                                                8/1/2024
   Party                                                     Date

Supplemental Civil Cover Sheet
Page **2** of **2**

4. **Answer:**

Was an Answer made in State Court? ☐ Yes          ☑ No

     If "*Yes*," by which party and on what date?

_____          _____

Party                                                                          Date

5. **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason(s) for No Service |
|---|---|
| Allied World Assurance Co., Ltd. / Defendant | Unknown |
|  |  |
|  |  |
|  |  |
|  |  |

6. **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| Party | Reason |
|---|---|
| n/a |  |

7. **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claim(s) |
|---|---|
| Plaintiffs | Plaintiffs allege that Defendants breached the subject insurance contracts and violated Chapters 541 and 542 of Texas Insurance Code. |